

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00264-CV

Joe **GOMEZ**,
Appellant

v.

**HILLCREST INN**,
Appellee

From the County Court at Law, Kerr County, Texas
Trial Court No. 19226C
Honorable Susan Harris, Judge Presiding

PER CURIAM

Sitting:        Sandee Bryan Marion, Chief Justice
                 Rebeca C. Martinez, Justice
                 Liza A. Rodriguez, Justice

Delivered and Filed: September 18, 2019

DISMISSED FOR WANT OF PROSECUTION

On April 22, 2019, appellant filed a notice of appeal. On June 24, 2019, the court reporter responsible for preparing the reporter's record in this appeal filed a notification of late record, stating that appellant had failed (1) to request in writing that she prepare the reporter's record and (2) to pay or make arrangements to pay the fee for preparing the reporter's record. *See* TEX. R. APP. P. 34.6(b)(1), 35.3(b). Therefore, on June 26, 2019, we ordered appellant to file written proof on or before July 8, 2019 that he had requested the official court reporter to prepare the reporter's record in compliance with Texas Rule of Appellate Procedure 34.6 and had filed a copy of the

request with the trial court clerk. *See id.* 34.6. We further ordered appellant to provide written proof on or before July 8, 2019 that either (1) the reporter's fee had been paid or arrangements had been made to pay the reporter's fee; or (2) appellant was entitled to appeal without paying the reporter's fee. We explained that if appellant failed to respond within the time provided, appellant's brief would be due July 26, 2019, and we would consider only those issues or points raised in appellant's brief that did not require a reporter's record for a decision. *See id*. 37.3(c).

When appellant failed to file written proof and failed to file his appellant's brief by the date ordered, on August 13, 2019, we ordered him to file on or before August 23, 2019, his appellant's brief and a written response reasonably explaining (1) his failure to timely file the brief and (2) why appellee was not significantly injured by appellant's failure to timely file a brief. We explained that if appellant failed to file a brief and a written response by August 23, 2019, his appeal would be dismissed for want of prosecution. *See id.* 38.8(a), 42.3(c). Appellant did not file an appellant's brief and/or written response. We therefore dismiss this appeal for want of prosecution.

PER CURIAM